IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ELMER LYNN WEST,<br><br>　　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>　　　Defendant. | ORDER DENYING MOTION FOR RECONSIDERATION<br><br><br><br><br><br>Case No. 2:06-cv-00589 |

On August, 28, 2006, Elmer West, a *pro se* petitioner, filed a Motion for Reconsideration of "Motion Under Rule 60(b)." A motion for reconsideration is not a motion provided for under the Federal Rules of Civil Procedure. Even construing Mr. West's motion liberally, as a Rule 60(b) motion, the court finds no grounds on which to grant the motion.

## BACKGROUND

The background relevant to this order is largely procedural. Mr. West entered a guilty plea on November 18, 2004,[1] and this court sentenced him on January 19, 2005.[2] On October 17,

---

[1] *See* Docket No. 39, *United States v. West*, Case No. 2:04-cr-00200 (D. Utah filed Nov. 18, 2004).

[2] *See* Docket No. 41, *United States v. West*, Case No. 2:04-cr-00200 (D. Utah filed Jan. 19, 2005).

2005, Mr. West filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.[3] The court denied this order.[4] Mr. West filed another motion with this court on July 18, 2006, which the court construed as a successive motion for post-conviction relief pursuant to § 2255.[5] The court denied this motion because Mr. West had not provided the court with a certificate from the Tenth Circuit allowing his successive § 2255 application.[6] Mr. West responded to the court's order by filing this motion on August 31, 2006.

## DISCUSSION

A court may grant a Rule 60(b) motion, relieving a party of the court's order, on numerous grounds, including mistake, surprise, neglect, newly discovered evidence, and other reasons justifying relief from judgment.[7] Although Mr. West summarily claims otherwise, he has failed to provide evidence sufficient to support a grant of relief on any of these grounds. The court has reviewed his motion pursuant to Rule 60(b)(6), which allows for relief from judgment for "any other reason justifying relief"[8] because this provision is the broadest and most open-ended.

---

[3] *See* Docket No. 1, *West v. United States*, Case No. 2:05-cv-00862 (D. Utah filed Oct. 17, 2005).

[4] *See* Docket No. 7, *West v. United States*, Case No. 2:05-cv-00862 (D. Utah filed Feb. 28, 2006).

[5] *See* Docket No. 1, *West v. United States*, Case No. 2:06-cv-00589 (D. Utah filed July 18, 2006).

[6] *See* Order Denying Motion for Post-Conviction Relief, Docket No. 2, *West v. United States*, Case No. 2:06-cv-00589 (D. Utah filed Aug. 9, 2006).

[7] Fed. R. Civ. P. 60(b).

[8] Fed. R. Civ. P. 60(b)(6).

In his motion for reconsideration, Mr. West appears to object to the court's characterization of his prior motion as a motion to obtain post-conviction relief pursuant to 28 U.S.C. § 2255. Instead, Mr. West argues, his motion was simply a Rule 60(b) motion seeking relief from the court's sentencing in Mr. West's underlying criminal case.

The court's characterization of Mr. West's Motion Under Rule 60(b) as a § 2255 motion for post-conviction relief was proper. In *United States v. Libretti*, the Tenth Circuit explained that a habeas claim adjudicated in a previous petition are properly characterized as a successive § 2255 motion, even when classed by the petitioner as a Rule 60(b) motion.[9] Moreover, such claims must be dismissed unless they have been certified by a court of appeals, as they are "subject to the AEDPA's restrictions on successive habeas applications."[10]

The court properly characterized Mr. West's Motion Under Rule 60(b) as a successive § 2255 application because the arguments Mr. West offered in support of his Motion Under Rule 60(b) mirror those Mr. West made in his original § 2255 petition. Although worded differently, both motions rest on Mr. West's claim he was not a convicted felon at the time of his indictment. The court concludes, therefore, this argument is insufficient to merit relief from the court's Order Denying Motion for Post-Conviction Relief, and Mr. West has presented no other reasons justifying relief.

If Mr. West wishes the court to entertain a successive § 2255 application, he must comply with the statute's requirements providing the requisite certification from the Tenth Circuit.[11] The

---

[9]2006 U.S. App. LEXIS 22662, *7–8 (10th Cir. 2006).

[10]*Id.*

[11]*See* 28 U.S.C. § 2255.

court, therefore, DENIES the petitioner's Motion for Reconsideration of "Motion Under Rule 60(b)" [#5].

    SO ORDERED.

    DATED this 14th day of September, 2006.

                              BY THE COURT:

                              _____
                              Paul G. Cassell
                              United States District Judge